## Millers Creek Railroad Company v. Blevins.

(Decided June 19, 1914.)

### Appeal from Johnson Circuit Court.

1. Railroads—Injury to Persons Near Track—Duty of Railroad Company.—The agents of a railroad company are not required to watch an adjoining highway, but if they discover that one riding or driving on an adjoining highway is in peril, then it is their duty to use ordinary care, with all reasonable means at their command, to prevent injury to him.

2. Railroads—Statutory Signals—Ordinary Care.—The giving of the statutory crossing signals by a railroad company will not absolve it from liability for injury to a person on an adjoining highway due to his horse becoming frightened at the train, where defendant's servants discover plaintiff's peril in time to prevent the injury by the exercise of ordinary care.

3. Railroads—Injury to Person Near Tracks—Frightened Animals—Ordinary Care—Question for Jury.—In an action by plaintiff against a railroad company for injuries resulting from plaintiff's horse becoming frightened at one of defendant's trains, held, that the question whether or not defendant's employes discovered plaintiff's peril, and thereafter failed to use ordinary care for her safety, was for the jury.

VAUGHN & HOWES and HAGER & STEWART for appellant.

J. F. BAILEY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

In this action for damages for personal injuries, plaintiff, Flora Blevins, recovered of the defendant, Millers Creek Railroad Company, a verdict and judgment for $250. The railroad company appeals.

Defendant's line of railway extends from Van Lear down Millers Creek to its mouth, and thence across the Big Sandy River to Van Lear Junction. A short distance from the bridge spanning the river, the railroad crosses the county road. About 1200 feet from the county road is a steep bluff, around which the railroad makes a sharp curve. From the curve to the crossing the county road and railroad are practically parallel. The distance from the county road to the railroad is variously estimated at from 10 to 40 feet. At a point about 827 feet from the railroad crossing is a whistling post. Between the whistling post and the crossing is a telephone post, about 453 feet from the crossing and 374 feet from the whistling post. From the whistling post to the bluff is about 158 yards.

On the occasion of the accident, which occurred August 20, 1911, plaintiff, in company with her husband and two children, was traveling along the county road in question. After crossing the railroad, and when they had reached a point a few feet from the crossing, defendant's train came around the curve a few hundred yards distant. The mare which plaintiff was riding be-

came frightened. Her husband attempted to restrain her, but the mare broke loose. When the train got near her, the whistle was sounded, and the mare ran up the side of the hill and threw plaintiff off. The accident occurred near the telephone post which stands between the railroad crossing and the whistling post. While those on the engine deny that they saw plaintiff, one of plaintiff's sons testified that the fireman, when the engine was about 400 feet away from plaintiff, was looking right at her, and when the whistle subsequently sounded and the mare threw plaintiff, the fireman was looking out the window and laughing.

Instruction No. 2, given by the trial court, is as follows:

"If the jury should believe and find from the evidence that the plaintiff's horse became frightened at the approach of defendant's train, and that the agents in charge of the defendant's train discovered and saw that plaintiff's horse was frightened at the approach of the train and that plaintiff was in danger of being thrown from the horse and injured by reason of the approach of said train or by blowing the whistle, then and in that event it was the duty of the defendant to cause said train to slow up or stop if necessary to the safety of the plaintiff and to desist from blowing the whistle while plaintiff was known by defendant's agents to be in danger from the frightened horse, if they find she was, and if the defendant failed to do so and by reason of such failure the plaintiff was injured, they will find for the plaintiff.

"Although the jury may believe and find that the plaintiff was placed in danger by reason of her horse being frightened at the approach of defendant's train, or by the blowing of the whistle, either or both of which caused the injury, if they believe there was an injury caused, yet unless the defendant's agents knew the horse was scared, and that the plaintiff was in danger in time to have slowed up or stopped the train and caused the engineer to not have blown the whistle in time to have prevented said injury, the law is for the defendants and the jury will so find."

It will be observed that the foregoing instruction imposed on the defendant the duty, after discovering plaintiff's peril, either to slow down or stop the train. Such is not the rule in this State. The rule is that the agents of the railroad company are not required to watch an

adjoining highway; but if they discover that one riding or driving on an adjoining highway is in peril, then it is their duty to use ordinary care, with all reasonable means at their command, to prevent injury to him. L. & N. R. R. Co. v. Harrod's Admx., 155 Ky., 155; C. & O. Ry. Co. v. Lang's Admr., 121 S. W., 993, 135 Ky., 76; I., C. R. Co. v. Martin, 110 S. W., 815; L. & N. R. R. Co. v. McCandless, 123 Ky., 121. It follows that the instruction complained of is erroneous.

There is no merit in defendant's contention that its duty to give the statutory signals for the crossing absolved it from liability in this case, even if its servants did discover plaintiff's peril in time to prevent the injury by the exercise of ordinary care. It is the rule that if the employees of the railroad company in fact see the danger in which the traveler is placed, then they should, if necessary in the exercise of ordinary care, cease blowing the whistle as a signal for the crossing, and resort to the bell, as the statute provides either mode of giving a warning for the crossing. I. C. R. R. Co. v. Martin, *supra;* L. & N. R. R. Co. v. McCandless, *supra.*

Plaintiff's son having testified that the fireman saw plaintiff's peril when about 400 feet distant from her, the peremptory instruction asked by the defendant was properly refused. It was for the jury to say, under all the circumstances, whether or not defendant's employees discovered plaintiff's peril, and thereafter failed to use ordinary care for her safety.

Judgment reversed and cause remanded for new trial consistent with this opinion.