## Webb v. Elkhorn Mining Corporation.

(Decided March 16, 1923.)

### Appeal from Letcher Circuit Court.

1. Master and Servant—Presence of Refuse Under Coal Cutting Machine Held Not Proximate Cause of Injury.—In an action for injuries to a miner whose body came in contact with the knives of a coal cutting machine when his feet slipped off from a pipe on which they were resting, evidence held to show that the presence of refuse under the machine was not a proximate cause of the injury, but its only effect was to lessen the force with which his body struck the machine.

2. Master and Servant—Operator of Machine Presumed to Assume Risks.—Ordinarily, when one understands a machine and how to operate it, it will be presumed he understands, and therefore assumes, the risks of the dangers incident to its operation.

3. Master and Servant—Appreciation of Risk, and not Knowledge of Defect, Bars Recovery.—It is an appreciation of the danger from a

defective machine, and not mere knowledge of the defect by which the danger is threatened, which bars an employee's action for injuries.

4.  Trial—Testimony Contrary to Physicial Laws is not Scintilla of Evidence.—Testimony given by a plaintiff which is contrary to well-known physical laws, so as to be incredible, does not furnish the scintilla of evidence which requires an issue to be submitted to the jury.

5.  Master and Servant—Testimony Servant Did Not Appreciate Risk of Operating Unguarded Coal Cutting Machine Does Not Take Case to the Jury.—Where plaintiff was injured when he fell against the unguarded knives of a coal cutting machine which he was operating, his testimony that he did not appreciate the result of operating the machine cannot be construed as meaning that he did not appreciate the risk of injury if he came in contact with the unguarded knives, which would be contrary to natural law, but means only that he did not appreciate the danger of his falling against the machine while operating it, and such evidence does not require the submission to the jury of the issue of assumption of risk, especially where he did not comply with a rule requiring him to report any unsafe condition in his tools to the mine superintendent.

MORRIS & JONES and DAVID HAYS for appellant.

E. C. O'REAR, ALLIE W. YOUNG, FIELDS & FIELDS and MORGAN ATCHISON for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

While cutting coal with an electrically driven machine in appellee's mine, appellant, in attempting to turn off the current and stop the machine, fell against it, and his back and right arm were severely cut.

To recover for his injuries, he instituted this action, alleging that same resulted from the defendant's failure to furnish him a reasonably safe place, or reasonably safe appliances, for his work. At the conclusion of his evidence, the court sustained a motion of the defendant for a directed verdict and he has appealed from the judgment entered thereon dismissing his petition.

At the time of the accident, plaintiff had been engaged in operating this particular machine in defendant's mine for about three months, and he had worked with it as a helper for about six months before he was put in charge of same. He was about twenty-four or twenty-five years of age, and had been working in coal mines for a number of years.

About fifteen minutes before the accident occurred, plaintiff had run the heavy engine, upon rails laid for the purpose, up to the face of the coal, and had braced same firmly in the desired position by setting a piece of iron pipe, about two inches in diameter and six or seven feet in length, against a groove in the machine at one end and against the face of the coal at the other end. After he had started the machine, he sat down on the casing which inclosed the body of it, with his feet resting upon this iron pipe, called a "jack-pipe," and when the engine had cut a seam across the face of the coal, he attempted from his sitting position to reach the current control and turn it off. As he did so, his feet slipped off of the iron pipe, striking a loose pile of refuse called "gob" underneath the pipe, which slipped down when his feet struck it, and he fell against the unprotected knives or teeth, which are inserted in a revolving chain and mounted on top of the machine body.

It is his contention that the place was rendered unsafe by reason of the pile of gob under the jack-pipe upon which his feet were resting and that the proximate cause of his injury was the slipping of this pile of gob when his feet struck it after having slipped off of the jack-pipe, and that he, even then, would not have been injured except that the guard, with which the machine should have been and was equipped originally for protection against the revolving teeth, had been removed from the machine before it was furnished to him.

He admits, however, that he saw the pile of gob over which he placed the jack-pipe before he began his work at that place, and that he had known of the absence of the guard about the revolving teeth during the whole of the three months during which he had been operating the machine.

Obviously the primary cause of his falling against the machine in such a way that he could be cut by it, was the fact that his feet slipped off of the jack-pipe, and he would have fallen against the machine from this cause alone, even if there had not been a pile of gob under the jack-pipe.

From his own evidence, and there is no other on the question, it is plain, we think, that the proximate and sole cause of plaintiff's falling against the machine was that his feet slipped off of the jack-pipe, and that the presence of the pile of gob thereunder was not the proximate cause of his fall, or his injuries, and did not affect

what happened in any way, unless to retard in a measure the force with which he struck the machine as a result of his feet slipping off of the jack-pipe, for which it is not even claimed the defendant was in any way responsible.

Unless therefore, despite this primary cause of the accident for which plaintiff alone was responsible, the defendant is yet liable because of the dangerous condition of the machine by reason of the unguarded cutting appliance attached thereto, it is apparent the court did not err in directing the verdict for defendant. And in discussing this phase of the case we may assume, without deciding, that plaintiff's falling against the machine was but a remote cause of his injuries, and that the proximate cause was the defective condition of the machine, except for which he at least could not have been injured as he was.

Ordinarily when one undestands a machine and how to operate it, it will be presumed he understands and therefore assumes the risks of the dangers incident to its operation. Consolidation Coal Co. v. Hamilton, 170 Ky. 393, 186 S. W. 197, but as stated in 18 R. C. L. 695, it is an appreciation of the danger, and not mere knowledge of the defect by which the danger is threatened, that bars an employe's action.

Plaintiff testified that, although he knew that the guard was off of this machine when he commenced using it three months before the accident, he did not realize there was any danger in his operating the machine in that condition, and it is upon this evidence principally, if not alone, that counsel for plaintiff insist the court erred in taking the case from the jury.

We are clearly of the opinion, however, that his evidence is insufficient to bring this case within the class of which the case of Consolidation Coal Co. v. Carter, 187 Ky. 570, 219 S. W. 1074, relied upon by plaintiff, is but one of many in which it is held that where the servant continues to work with a machine after knowledge of its defective condition, but without appreciation of the danger resulting therefrom, the master is yet liable for injuries proximately resulting from the defective condition of the machine.

A person of plaintiff's understanding, age, and experience could not possibly help but know that if he fell against an unprotected revolving knife he would be injured, and his testimony to the contrary is of no probative value whatever. Hence the only reasonable infer-

ence to be drawn from his statement that he did not realize it was dangerous to· use the machine in its unprotected condition is, that he did not realize that in operating it there was any danger that ·he·might fall against the open and visible revolving knife; but he did not say, and he could not have meant that he did ·not fully realize that if ·he should by accident fall against it he would be injured.

To hold that any man of ordinary intelligence and of mature age, such as is plaintiff, must not necessarily know that he would be hurt if he fell against what is substantially a circular saw, would amount to a denial of the existence of well established and universally recognized physical laws, since every sane person of experience and mature age knows that a human body will be injured if placed in contact with an electrically driven revolving knife that will cut coal.

Upon different facts, but with reference to this character of evidence, we said in L. & N. R. R. Co. v. Chambers, 165 Ky. 703, 178 S. W. 1041:

"It is undoubtedly well settled in this jurisdiction that the credibility of witnesses is for the jury; that upon a motion for a directed verdict, the evidence for the adverse party must be taken as true and every reasonable inference fairly deducible therefrom must be indulged; and that as to the quantity of evidence necessary to convey a case to the jury, the 'scintilla rule' prevails. But these rules, in sound judicial administration, do not become applicable unless the evidence of such adverse party be something of relevant consequence, possessed of the quality of proof, and having fitness to induce conviction. Clark v. Young's Extrx., 146 Ky. 377, 142 S. W. 1032. Of necessity, these rules cannot apply where the only evidence upon which such adverse party rests his right to succeed, consists of a statement of alleged facts, inherently impossible and absolutely at variance with well established and universally recognized physical laws. In such case, that which purports to be evidence is insufficient to constitute a compliance with the requirements of the scintilla rule, for it is the essence of that rule that there must be some evidence (however slight) upon which the jury might rationally find a verdict for the party producing it."

In Louisville Water Co. v. Lally, 168 Ky. 348, 182 S. W. 186, the above rule was approved, and under same,

the testimony of the plaintiff that an unusual force of water in the pipes turned the faucet on in the bathroom and flooded her house, was held to be of no probative value.

By the above rule the statement of plaintiff that he did not appreciate the danger of operating this unprotected circular saw, or knife, must be confined as above indicated, and cannot be accepted as evidence that he did not realize that he would be injured if he fell against it, or otherwise unintentionally came in contact with it.

The danger from operating this machine without a guard about the revolving knives was not less patent than the danger from a moving band, in Oyen .v. Willings, 183 Ky. 742, 210 S. W. 464; or a hot water vat in Wilson v. Chess-Wymond Co., 117 Ky. 567, 78 S. W. 453; or a stone gatepost from which the support had been removed, in Louisville Water Co. v. Darnell, 189 Ky. 771, 225 S. W. 1057; or the dangers from instrumentalities or places which in many cases we have held were so patent that an employe must have appreciated the danger and assumed the risk of working with or about them.

Besides, plaintiff practically admits knowledge of a rule of the company, posted in a conspicuous place at the mining opening, that required him, upon discovery of any unsafe condition in his tools or place, to cease work and report same to the mine superintendent, and that he did not do this, but simply reported the defective condition of his machine to the "repair man" some weeks before the accident, and continued to use same without assurance, even from him, of safety or when the defect would be cured.

We are therefore of the opinion the court did not err in directing a verdict for the defendant, and the judgment is affirmed.