## Slusher v. Lawson.

(Decided March 20, 1923.)

## Appeal from Bell Circuit Court.

1. Landlord and Tenant—Notice not Necessary Where Term Ends at Definite Period.—An agreement that a tenant was to occupy the premises until the rent reimburses him for his expense, but that he would move if the landlord sold the place, fixed a definite period for the termination of the lease in the event of such sale, as did also an agreement for rent at the end of the first year for the following year for part of the crop, so that the tenant was not entitled to notice to quit under Ky. Stats., section 2295.

2. Trial—On Motion for Peremptory Instruction, Evidence for Opposite Party Must be Taken as True—If Any Evidence Sufficient to go to Jury, Directed Verdict Must be Denied.—On motion for a peremptory instruction, the evidence on behalf of the opposite party must be taken as true, and the motion denied if that evidence would entitle the opposite party to a submission of the issue to the jury.

3. Landlord and Tenant—Tenant Held to Have Waived Notice from Landlord.—Where a tenant, after declining to yield possession and threatening to claim the property under another landlord, afterwards wrote his landlord a letter, requesting time in which to look up another place, and promising to move, and then subsequently repudiated the letter and informed the landlord he was going to hold the land, he had waived his right to notice to quit, and the landlord was entitled to proceed legally to dispossess him.

JAMES H. JEFFERIES, N. J. WELLER and D. M. BINGHAM for appellant.

B. B. GOLDEN for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

In the justice's court Wilk Lawson was found guilty of forcible detainer. He traversed, and upon a trial in

the Bell circuit court a peremptory instruction was given in his favor at the close of plaintiff's evidence, and a verdict and judgment rendered in accordance therewith. The landlord, Elijah Slusher, appeals.

The action of the lower court was based upon appellant's failure to give thirty days' notice to vacate as provided in section 2326, Kentucky Statutes. The evidence is not clear, but it appears that the appellant purchased from his aunt something over three hundred and fifty acres of land. A small portion of this lies on both sides of Mudlick creek, there being a storehouse on one side of the creek and a dwelling house and garden on the other.

The appellee, Lawson, has a little stock of goods in the storehouse and for a number of years has rented the farm on the shares and lived in the residence and cultivated the garden. There is evidence to the effect that about nine years ago he constructed the residence under an agreement that he was to use it until the rents reimbursed him his expense, but that if the place was sold. he should at once surrender his tenancy. It further appears that appellant took possession of the property at the time of his purchase and at the end of the year 1918 leased appellee the farm together with the house and lot for the year 1919, for a part of the crop raised on the farm. At the end of the year 1919 the appellee asked to rent it again, and appellant informed him that he had leased it to another party and could not let him have it. They had some discussion over the matter and appellee told him that the title to the land was in dispute and that he would not give up possession, and appellee informed him that he would dispossess him.

Subsequent to this the appellee sent him the following letter:

"Sat., Jan. 3, 1920.

"Mr. Elijah Slusher:

"i have studed this over i dont Blame you for wanting Your Plàce you wait till monday or tuesday and i will make it all rite i am going today to try to get a Place if i can i will move and if i cant i will give up ashers leece and leece from you if you want to Lige i dont want to put you to any more trouble i am sory i have done what i have done what i have Dont wory a bit,
                                    "Wilk Lawson.

"lige i would not have leece the house and lot if i could have leeced the garden Hooler Hee would not leece the garden Holler without leecing it all."

This letter was received on Saturday and on Tuesday following the appellee informed appellant that he had been to see the claimant of the land and was going to hold on.

If the agreement between appellee and appellant's vendor was that he should occupy the premises until the rent of the house and garden reimbursed him for his expense in repairing the house but that he would move if she sold the place, this would fix a definite period for the termination of the lease in the event of such sale; and if at the end of that year the appellee rented the farm of appellant for the following year for a part of the crop, such lease would have a fixed, definite and determinate ending that would not require a notice to quit at that time. Section 2295, Kentucky Statutes. On motion for a peremptory instruction such evidence must be taken as true, and it would seem that this would entitle appellant to a submission of the issue to the jury.

Again, if appellee was appellant's tenant and at the end of the year sought to lease for another year and upon the proposition being declined threatened to hold under another landlord, and afterwards wrote the letter quoted above and subsequently thereto repudiated what he had said in the letter and informed him that he was going to hold the land, this would seem to be a waiver of notice and to authorize appellant to proceed legally to dispossess him.

Wherefore the judgment is reversed and cause remanded for proceedings consistent with this opinion.