## Terrell v. Southern Railway Company in Kentucky.

(Decided October 2, 1928.)

## Appeal from Shelby Circuit Court.

1. Appeal and Error.—Appellate court in determining propriety of directed verdict for defendant has duty of taking that view of evidence most favorable to plaintiff and the inferences reasonably resulting therefrom.

2. Appeal and Error.—In determining propriety of directed verdict for defendant, the evidence for defendant cannot be considered unless it discloses facts that help out plaintiff's case.

3. Railroads.—Railroad company, on discovering a person in position of peril, has duty of exercising reasonable care and all reasonable means to prevent injury to him.

4. Railroads.—Evidence in action against railroad for damages for personal injury alleged to have resulted in runaway when train's whistle frightened mule, relative to whether trainmen exercised ordinary care after discovering peril of plaintiff to prevent injury, held to require submission to jury.

5.  Trial.—Finding of facts from conflicting testimony is peculiar
    function of the jury and its particular province, which the courts
    are not authorized or inclined to invade.
6.  Trial.—It is necessary right of jury to pass upon credibility of wit-
    nesses and measure the probative power of testimony.

T. B. ROBERTS, GILBERT, PICKETT & MATTHEWS and R. F.
MATTHEWS for appellant.

TODD & BEARD, HUMPHERY, CRAWFORD & MIDDLETON for
appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

A. C. Terrell, who was plaintiff in the lower court,
appeals from a judgment in favor of the defendant, Sou-
thern Railway Company in Kentucky. The action was to
recover damages for personal injury, and at the conclu-
sion of the plaintiff's evidence a motion by the defendant
for a directed verdict was denied. The motion was made
again, however, at the close of all the evidence, and sus-
tained by the court. The sole question presented is
whether or not that ruling was right. It depends upon an
appreciation of the evidence and is governed by familiar
principles. It is our duty to take that view of the evi-
dence most favorable to plaintiff, and if the facts proven,
and the inferences reasonably resulting therefrom, tend
to sustain the cause of action asserted, the case should be
submitted to the jury. Leonard v. Enterprise Realty
Co., 187 Ky. 578, 219 S. W. 1066, 10 A. L. R. 238; Hines
v. Gaines, 192 Ky. 198, 232 S. W. 624; Bray-Robinson
Clothing Co. v. Higgins, 210 Ky. 432, 276 S. W. 129;
Cin.. N. O. & T. P. Ry. Co. v. Rue, 142 Ky. 694, 134 S.
W. 1144, 34 L. R. A. (N. S.) 200.

The evidence for the defendant may not be consid-
ered, as the record stands, unless it discloses facts that
help out the plaintiff's case. Nelson v. Black Diamond
Min. Co., 167 Ky. 676, 181 S. W. 341; Chicago, St. L. &
N. O. R. Co. v. Armstrong, 168 Ky. 104, 181 S. W. 957;
Sims v. C. & O. Ry Co., 140 Ky. 241, 130 S. W. 1081;
Goins v. North Jellico Coal Co., 140 Ky. 323, 131 S. W.
28; Slusher v. Lawson, 198 Ky. 358, 248 S. W. 888.

The plaintiff testified that he was plowing in a field
adjacent to the railway track. The mule with which he
was working had not been fractious, but, on the occasion
in question, became frightened at the train's first whistle
and made several lunges forward. As plaintiff was about

to regain control of the animal, the whistle was sounded again, which increased the mule's fright and caused it to run away, seriously injuring the appellant. Plaintiff further testified that between the first and second whistles, at a time when his predicament and peril were plain, he saw the two men on the engine looking at him and laughing at his discomfiture. Other witnesses testified to facts tending to corroborate appellant's version of the accident.

The parties agree that it was the duty of the railroad company, if the plaintiff was in peril and they discovered that fact, to exercise ordinary care, with all reasonable means available to them, to prevent injury to him. Millers Creek R. R. Co. v. Blevins, 159 Ky. 599, 167 S. W. 886; L. & N. R. R. Co. v. Mercer, 178 Ky. 473, 199 S. W. 30; L. & N. R. R. Co. v. Jenkins, 168 Ky. 512, 182 S. W. 626; Griffin v. C. & O. Ry. Co., 169 Ky. 522, 184 S. W. 888; L. & N. R. R. Co. v. Stanaford, 172 Ky. 511, 189 S. W. 427; L. & N. R. R. Co. v. Harrod, 155 Ky. 155, 159 S. W. 685, 47 L. R. A. (N. S.) 918. They disagree radically in their respective interpretations of the evidence and the inferences fairly deducible from it, leading them to conclusions diametrically opposite. It appears from a survey of appellant's evidence that the view of the enginemen was unobstructed, and that they were less than 100 feet distant from the appellant and the animal. The mule manifested fright at the first whistle, but its trepidation was subsiding and it was almost under control when another whistle, loud and long, was sounded, which brought about the runaway, resulting in the injuries to appellant.

The evidence brings the case clearly within the rules announced by this court in the cases we have just cited. It was for the jury to determine from the evidence whether the trainmen discovered the peril of plaintiff, and whether they failed, after such discovery, to exercise ordinary care to prevent injury, and whether such failure was the direct and proximate cause of the misfortune.

Appellee argues that the testimony of appellant was inherently impossible and insufficient to require submission of his case to the jury, relying upon several opinions of this court which define what is meant by a scintilla of evidence, and describe the character of evidence a court is not required to accept as the foundation of a cause of action. Clark v. Young, 146 Ky. 377, 142 S. W. 1032; Newman v. Dixon Bank & Trust Co., 205 Ky. 31, 265 S.

W. 456; L. & N. R. R. Co. v. Chambers, 165 Ky. 703, 178 S. W. 1041, Ann. Cas. 1917B, 1132; Webb v. Elkhorn Mining Co., 198 Ky. 270, 248 S. W. 844; Ky. T. & T. Co. v. Brackett, 210 Ky. 756, 276 S. W. 828. The principle invoked has no application to the testimony adduced in this case. We cannot say that the facts stated by these witnesses are inherently impossible, or even improbable. They do not contradict any physical facts or contravene the laws of nature. The evidence consisted of the testimony of witnesses describing the conduct of men and the actions of an animal, under circumstances changing and evanescent. Such facts could not be proven otherwise than by the testimony of witnesses observing them. L. & N. R. R. Co. v. Quinn, 187 Ky. 607, 219 S. W. 789.

The finding of facts from conflicting testimony is the peculiar function of the jury and its particular province, which the courts are not authorized or inclined to invade. It is an ancient and necessary right of the jury under our system of judicial administration to pass upon the credibility of witnesses and to measure the probative power of testimony in cases of this character. L. & N. R. Co. v. Mount, 101 S. W. 1182, 125 Ky. 593; Louisville Bridge Co. v. Allen, 107 S. W. 1191, 32 Ky. Law Rep. 1209; C. N. O. & T. P. Ry. Co. v. Evans, 129 Ky. 152, 110 S. W. 844.

The court should have submitted this case to the jury and erred in directing a verdict for the defendant.

Judgment reversed, with directions to award a new trial in accordance with this opinion.