## Cooksey et al. v. Bugg.

(Decided February 21, 1930.)

J. B. ADAMSON and MONT WALKER for appellants.

S. S. WILLIS and MARTIN & SMITH for appellee.

OPINION OF THE COURT BY JUDGE GRIGSBY—Affirming.

This is an appeal from a judgment for defendant rendered by the trial court upon a verdict of a jury in the Boyd circuit court pursuant to peremptory instruction from the trial judge. The appellants, H. G. Cooksey and H. L. Johnson instituted separate actions, whereby it is alleged that the plaintiffs sold and the defendant bought from each of plaintiffs an undivided one-third interest in a partnership. The alleged partnership agreement is evidenced by the following agreement in writing:

"March 31, 1924.

"This agreement made between C. L. Bugg, Jr., H. L. Johnson, H. G. Cooksey, that all share equally in profits on sale of property known as the Stepp farm, Greenup Co., Ky., we now have for sale.

"C. L. Bugg, Jr.
"H. G. Cooksey.
"H. L. Johnson."

Plaintiffs alleged further that while this agreement was in full force and effect the defendant, C. L. Bugg, Jr., procured for and on behalf of said partnership various extensions of the option, the last being to June 30, 1924, and that while the partnership still had a valid subsisting option on the Stepp farm and prior to May 1, 1924, the defendant, C. L. Bugg, Jr., purchased the undivided one-third interest of plaintiffs in the partnership, for which he agreed and promised to pay each of plaintiffs the sum of $6,666.66, and plaintiff sold his interest to Bugg for that amount, no part of which had been paid.

On motion of defendant, who is the appellee here, and over the objections of plaintiffs, appellants here, the trial court consolidated the two causes of action. The answer of defendant traversed all of the allegations of plaintiff as to the alleged partnership and the purchase by defendant of any interest therein. In the answer to the petition of plaintiff H. G. Cooksey, defendant stated: "It is true that plaintiff and defendant and H. L. Johnson entered into a written memorandum under date of March 31, 1924, whereby the parties agreed to share equally in profits on the sale of the property known as the Stepp farm, but said farm was not sold, and no profits were realized thereon, and nothing ever became

due or payable under said written agreement, and none of said parties ever realized anything under or by virtue of said agreement."

Also in the answer to the petition of H. L. Johnson the material allegations were traversed, and defendant further stated: "It is true that the plaintiff and defendant and said H. G. Cooksey entered into a written memorandum, as copied in the petition, but said memorandum was not a partnership agreement but was a special agreement whereby the parties agreed to divide any profits made on a sale of the Stepp farm, but no sale of said farm was ever made, and nothing ever became due on said agreement, and the said H. L. Johnson retired from said venture on or about April 30, 1924, and never had any further interest therein and never at any time rendered any service or made any effort to make a sale of said farm."

The record shows that Mr. Cooksey, appellant, was engaged in the real estate business in Ashland, Ky., in the year 1924 and previous thereto. That appellee, C. L. Bugg, Jr., came to Ashland and made arrangements for desk space in Cooksey's office and also entered into a partnership for the sale of real estate. This arrangement continued until September, 1924, at which time appellant Cooksey bought Mr. Bugg's interest, paid him $35.12, and assumed certain partnership debts. This, however, is not the partnership relied on by appellants.

Appellant H. L. Johnson was a real estate man at Chinville or Raceland. Mr. Johnson and Mr. Cooksey were friends, and it was through Mr. Cooksey that Mr. Bugg met Mr. Johnson. Mr. Millard, of Pike county, who lived in West Virginia, owned a farm near Raceland and immediately west of the railroad yards of the Chesapeake & Ohio. This tract of land, known as the Stepp farm, contained about 138 acres. Appellants and appellee, believing that they could make a profit by securing an option on the Stepp farm and selling same, sent appellee C. L. Bugg to Williamson, W. Va., and who on March 28, 1924, obtained the following option:

"Williamson, W. Va., March 28, 1924.

"In consideration of One Dollar ($1.00) cash in hand paid. We hereby constitute C. L. Bugg, Jr., for 30 days from date exclusive right to advertise and sell or buy below described property for the net

sum of $30,000.00 payable not less than $10,000.00 cash in hands on day of sale, remainder in 4 equal payments, with interest 6% not exceeding a period of 48 months or $5,000.00 yearly.

"We agree to furnish General Warranty title and abstract if required by purchaser and to deliver possession of said property on or before when deal is made 1924.

"Said C. L. Bugg, Jr., compensation to be secured above net price and retained out of initial payment.

"This property located in Greenup County, Kentucky, 138 acres more or less and known as old Stepp farm, joining Savage farm on West, Ohio River North, East Gilpin farm and C. & O. Ry., South County road.

"(Signed)   Owners W. M. Millard
"Columbia Millard

"Witness ————
"Agreed."

It will be observed that appellee, C. L. Bugg, Jr., was given the exclusive right to advertise and sell or buy this Stepp farm within the period of 30 days. It was pursuant to this option that appellants and appellee entered into the agreement of March 31, 1924, whereby they agreed to all share equally in profits on sale of the property known as the Stepp farm. Bugg then called upon his associates to each bear one third of the expense, $26, which was incurred on the trip to visit the owners. Appellant Johnson paid $8.75; appellant Cooksey did not. The purchasers never found a purchaser for the farm. They were trying to resell it for $60,000. Mr. Johnson claimed to have obtained an offer of $35,000 from a man by the name of Hencye; he does not know his address, had no written offer from him, and knew nothing of his ability to pay. The record shows that this offer was not acceptable to either Mr. Bugg or Mr. Cooksey.

On April 21, 1924, it was decided to get an extension of the option. Mr. Bugg again went to see the owners, and by paying $200 secured the right to buy the Stepp farm for $30,000, $10,000 to be paid on or before May 30, 1924, and the balance of $20,000 in four equal installments of $5,000 each in one, two, three, and four years. Appellant Cooksey paid $100 of this $200 and was after-

wards repaid; Johnson contributed nothing. Neither appellant Johnson nor Cooksey was able financially to meet the terms imposed by Millard, and the second option or contract of purchase being about to expire, the time was extended to June 30, 1924, by notation on the contract, on the payment of $25 by appellee Bugg. On May 31, 1924, the owners of this farm, Wm. Millard and Columbia Millard, his wife, conveyed this farm to appellee C. L. Bugg, Jr., and Scott Wilson for the recited consideration of $1, etc. The proof shows that the price paid was $30,000. Within a short time after appellee Bugg repaid the appellant Cooksey the $100 which he had contributed for the consideration paid for the second option.

Appellants claim that during the life of the second option or agreement to purchase, appellant Johnson secured a verbal offer of $50,000 for the farm from Mr. E. E. Fullerton of Greenup, Ky., which appellant claimed was submitted to Mr. Bugg, appellee, who refused it and made a verbal promise to take care of appellants. This is denied in the pleadings and is the real issue in the case. This record discloses that Mr. Fullerton is now dead; that the offer was not made in writing. On a former trial of this case, Mr Tackett, one of the witnesses for appellant, stated that the offer made by Fullerton was not an offer to buy, but an offer to take an option on the property at the price of $50,000; this, however, was only a verbal offer. This was some time in June after the option to sell had expired and appellee only had the right to purchase. The agreement in writing clearly sets out that all of the parties thereto were to share equally in the profits on sale of the property, known as the Stepp farm. The record shows that no profit was made on the sale of the Stepp farm; that the price they were to pay Mr. Millard, the owner, was $30,000.00; that it was bought by appellee Bugg and Wilson for $30,000 and has never been sold for a profit. Appellants do not show an offer at any time to have been made by a party able, willing, and ready to buy at the price of $50,000, or any other price.

We are of opinion that inasmuch as the agreement of March 31, 1924, plainly provides, "That all share equally in profits on sale of property known as the Stepp farm, Greenup county, Ky., we now have for sale," there was no proof sustaining the allegations of plaintiffs' petition, and therefore no issue to submit to a jury, and the trial court correctly ruled in sustaining appellee's motion

for a peremptory instruction. Webb v. Elkhorn Mining Corporation, 198 Ky. 270, 248 S. W. 844; Clark v. Young's Ex'x, 146 Ky. 377, 142 S. W. 1032, also Burdon v. Burdon's Adm'x, 225 Ky. 480, 9 S. W. (2d) 220.

The judgment is affirmed.