## West Kentucky Coal Company v. Kelley.

(Decided October 29, 1913).

### Appeal from McCracken Circuit Court.

1. Master and Servant—Notice—Obvious Danger.—Notice or warning to a servant is not necessary where the danger is obvious, or where no danger is to be anticipated, or if the servant had actual knowledge of the intended act.

2. Master and Servant—Negligence—Question for Jury.—Where the servant was working on a boat fitted out with a steam shovel, and equipped for the purpose of raising heavy loads by means of machinery controlled by a foreman in the box above the engine room, and the servant was attending the cable which worked around the "Winch Wheel" below the engine room when he was injured, and not within sight of the foreman, the question of the

foreman's negligence in not warning the servant before starting the engine, was for the jury.

WHEELER & HUGHES for appellant.

D. G. PARK for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

The appellee, Kelley, recovered a judgment for $700.00, damages for personal injuries sustained on April 18, 1912, while in the service of the appellant; and from that judgment the defendant appeals.

Kelley was working on what is known as a sand digger, a boat fitted out with a steam shovel, and equipped for the purpose of raising quantities of coal, sand, &c. The boat's engine and machinery were controlled by levers in the foreman's box above the engine room; and while appellant's foreman James occupied this box, as he did whenever his steam shovel was at work, he could reach all these levers, but could not see Kelley at his position behind the "Winch Wheel," in the engine room below. This "Winch Wheel" was a round spool about a foot and a half in diameter, and two feet in width, which could be made to revolve when the engine was in motion; and by wrapping a cable, called the "Winch Line," around this spool, the power of the engine could be utilized in drawing up a barge, flat, or other heavy craft, or in shifting the position of the sand digger.

It was Kelley's duty to attend to this cable, to wrap it on the spool, and to see that it did not become tangled, or fouled. There was at his right side a steel bar or "slide," along which a joint connected with the piston rods moved when the engine was in motion. This bar was near the lower part of the spool, and the joint above referred to barely cleared the edge of its circumference.

Immediately before appellee's injury, the cable had been wrapped around the wheel, and was drawn taut by the weight of a barge attached to the other end of the cable; and while the machinery was momentarily at rest, Kelley allowed his right arm to rest on the top of the wheel; and when, without warning, the machinery was started again, his arm fell and was broken by being caught between the "Winch Wheel" and the joint on the bar.

The petition alleged that the injury was the result of the negligence of appellant's foreman James, in failing

to give appellee' warning before starting the engine.
The failure to give the warning is admitted.

The answer traversed the allegations of the petition,
and alleged that it was neither the duty nor the custom
of appellant, through its foreman, or otherwise, to give
appellee warning before setting the engine in motion;
and, in his reply, Kelley denied that it was neither the
duty nor the custom of appellant to give him warning
before starting the machinery. Under this state of the
pleadings, appellant contends that there was, aside from
the question of the amount of the damages and the extent
of the injury, but one issue left, to-wit, the disputed fact
about the custom of appellant's foreman James with
regard to giving a signal or warning before starting
the boat's engine, and that this issue should have been
submitted to the jury.

According to this theory of the appellant, the ques-
tion of the negligence of its foreman would be made to
depend upon the custom of appellant, through its fore-
man, or otherwise, to give appellee warning before set-
ting the engine in motion. On the other hand, the ap-
pellee took the position that it was negligence upon the
part of James, the foreman, to start the engine without
notifying or warning plaintiff that it was about to
be started. The trial court took the latter view, and em-
bodied it in instruction No. 1, which reads as follows:

"Gentlemen of the Jury: The court instructs you
that it was the duty of defendant's foreman, in charge
of defendant's power engine and machinery, at the time
and place complained of by plaintiff, to exercise ordi-
nary care to give notice or warning to other employees
and the plaintiff, who were required to work about and
use such machinery, and to exercise ordinary care to
avoid injuring plaintiff; and if you shall believe from
the evidence in this case that said employe failed to
exercise such care, and negligently or carelessly started
said power engine without notifying or warning plain-
tiff that same was about to be started, and that by rea-
son of so starting same, and as the direct and immediate
result thereof, plaintiff's arm was caught between the
winch wheel and sliding bar of the engine and injured,
then the law is for the plaintiff and you will so find.

"But unless you shall so believe from the evidence,
then the law is for the defendant and you will so find."

There is no objection to the other instructions given
by the court. Appellant insists, however, that the first

instruction above set out, did not give the law of the case.

While we do not agree with appellant's contention that its negligence was to be measured by its custom in giving, or not giving, notice of the starting of the engine, neither do we agree with the view of the court in holding, as it did in the instruction given, that the failure to give the notice necessarily constituted negligence. We do not think James was necessarily negligent in not giving Kelley warning, under the circumstances, where the "Winch Line" was taut, and they were in the act of operating the machinery. Kelley was not a novice in this work.

In 29 Cyc., 474, it is said:

"Notice or warning is not necessary where the danger is obvious, or where no danger is to be anticipated, or if such other person had actual knowledge of the intended act. Nor need a specific warning of the dangerous character of an article be given when the article is not new or unknown."

It was the duty of the defendant's foreman to exercise ordinary care to avoid injuring the plaintiff; and whether that duty required him, under the circumstances, to give notice or warning to the appellee before starting the machinery, was a question for the jury. Instruction No. 1, however, when fairly construed, required appellant's foreman, as a matter of law, to notify or warn the plaintiff that the engine was about to be started; and under the evidence of this case, wherein appellant admitted that it did not give appellee any notice or warning, it was, in effect, a peremptory instruction to find for the plaintiff. This was error.

Judgment reversed, and cause remanded for a new trial.