## Warren v. Cumberland Railroad Company.

(Decided April 17, 1917.)

### Appeal from Knox Circuit Court.

1. Trial—Instruction.—An instruction which submits to the jury a question that is not in issue upon the evidence is erroneous.
2. Carriers—Negligence—Trial—Instructions.—Plaintiff, who was suing to recover for injuries alleged to have been sustained as the result of the wreck of a passenger train upon which he was a passenger, introduced evidence showing the wreck of the train and his injury thereby. Defendant contented itself with an attempt to show that plaintiff was not injured, and did not introduce any evidence to explain the accident. Held, that proof of the accident was evidence of negligence upon the part of defendant, and defendant having introduced no evidence on that question, it was error to submit it to the jury, and the instructions should have assumed negligence.
3. Damages—Impairment of Earning Power.—In the absence of an allegation of permanent injury, there can be no recovery for permanent impairment of ability to earn money.
4. Damages—Impairment of Earning Power.—Where permanent injury is alleged and proven, the instruction should authorize a recovery for past and future pain and suffering and for permanent impairment of ability to earn money.

W. R. LAY and B. B. GOLDEN for appellant.

BLACK, BLACK & OWENS for appellee,

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

This is an appeal from a judgment of the Knox circuit court dismissing appellant's petition, in which he sought to recover for injuries alleged to have been sustained by him as a result of a wreck of a passenger train, operated by appellee, upon which he was a passenger. In July, 1914, appellant procured a ticket and took passage upon appellant's train, at Artemus, Kentucky, for Wheeler, Kentucky. When he was about half way to his destination the engine became derailed, which caused the

train to come to a sudden stop, throwing him out of his seat and against the seat in front of him and upon the floor, producing, as he alleges, a hernia.

The allegations of the petition were controverted by the answer of appellee, which also plead contributory negligence upon the part of appellant, and this plea was traversed by a reply.

Appellant introduced none but his own testimony, which proved the accident, as alleged in his petition, and, that, as a result of his fall from his seat, caused by the sudden stop of the train, a hernia had been produced, from which he suffered great pain and suffering.

Appellee did not attempt to explain the cause of the accident, but contented itself with an attempt to show that appellant was not injured thereby.

The grounds relied upon for a reversal are, that the court erred in the instructions given, and in refusing to give an instruction offered by appellee, and (2) that the verdict is contrary to the law and the evidence.

The first instruction given, to which objections are urged, is as follows:

"It was the duty of the defendant railroad company at the time and place at which the plaintiff complains to exercise the highest degree of care to so manage, operate and control said train as to make plaintiff's passage from Artemus to Wheeler, as a passenger on said train, reasonably safe.

"If you believe from the evidence that the defendant failed to exercise such care, and by reason of such failure on the part of the company, the train was wrecked and plaintiff was thrown from his seat and injured, from which injury he suffered pain, this pain and injury, if any there was, resulted directly and proximately from the negligence of the defendant company to exercise the care required of it, then your verdict must be for the plaintiff Warren."

It is insisted that this instruction is erroneous because it places upon appellant the burden of proving that appellee did not exercise the highest degree of care in the operation of its train, notwithstanding the fact that appellant proved the wreck of the train and his injury. In support of this contention counsel for appellant cites the cases of L. & N. R. Co. v. Ritter's Admr., 85 Ky. 368; L. & N. R. Co. v. Mitchell, 162 Ky. 253, and several others.

In the Ritter case it is stated that:

"Where a passenger, being carried on a train, is injured by an accident occurring to the train, the legal presumption arises that the accident and consequent injury were caused by the negligence of the carriers. And the onus of disproving the presumption of negligence, by showing that the injury arose from an accident, which the utmost care, diligence and skill could not prevent, is on the carrier;" and farther along in the same opinion: "The three instructions given by the lower court on behalf of the appellee accord with the foregoing views of the law, except in this: The burden of proof was on the appellee to establish the accident and his intestate's injury by it. This being done, then the burden of proof was shifted to the appellant to show that the accident and consequent injury was not the result of its negligence. These instructions, taken alone, mean this; but the fourth instruction, which was given at the instance of appellant, puts the burden of proof on the appellee all the way through. This was error, and the instruction should not have been given."

In Hobson, etc., on Instructions, section 32, it is said:

"The court should not tell the jury that the burden of proof is upon one of the parties, or that the presumption of law is against him, but the instructions should be so framed as to indicate the burden without especially referring to it." (In support of which numerous authorities are cited.)

The instruction given, in our judgment, is not open to the criticism urged against it, because the burden was upon the plaintiff, to show that the accident was the result of appellee's negligence, and had there been any proof to show that the accident was not the result of such negligence, the instruction would have been entirely proper, as it states the law correctly and substantially in the same form as has been approved by this court upon numerous occasions. The instruction is, however, in our judgment, erroneous, for the reason that it submits to the jury a question that was not in issue upon the evidence. Since appellant had proven the wreck, which was evidence of appellee's negligence, and appellee did not introduce any evidence upon the question of its negligence, there was no evidence to authorize a submission to the jury of the question whether or not the wreck was the result of appellee's negligence, and the instruction given should not have submitted that question, but should have

assumed the existence of negligence and submitted to the jury only the question of whether or not appellant was injured by reason of that negligence. The court should submit to the jury only such issues made by the pleadings as are also in issue upon the evidence. L. & N. R. R. Co. v. Crow, 107 S. W. 807; Paducah Tr. Co. v. Walker's Admr., 169 Ky. 721. In this case, the jury were told to find for the plaintiff, if they believed from the evidence that the defendant failed to exercise the required amount of care. There was no evidence whatever of any such failure, except the mere fact of the wreck itself, and the jury, very probably, did not know that that fact was evidence of negligence, and, therefore, may have found against the plaintiff upon the idea that no negligence was proved, whereas, as a matter of law, plaintiff had introduced evidence that proved the negligence. This was, in effect, submitting to the jury a question of law, and their verdict may be a result of an erroneous decision of that question by them, for upon the other question submitted to them, as to whether or not appellant received the only injury of which he complains, the hernia, as a result of the accident, there is evidence in support of each contention. It is, therefore, apparent that this instruction was erroneous and prejudicial to appellant. Upon the evidence here, the only question that should have been submitted to the jury, for there is no evidence of contributory negligence, was whether or not appellant's injury was a result of the accident.

Objection is also urged to the instruction upon the measure of damages, because it refused to allow a recovery for impairment of ability to earn money. On the state of the pleadings at the last trial, the offered amended petition not having been permitted to be filed, this instruction was not open to that criticism, as there was no allegation of permanent injury. The offered amended petition, however, alleged permanent injury, and, if filed, would have authorized a recovery for past and future pain and suffering, and for permanent impairment of ability to earn money. C. & O. Ry. Co. v. Bland, 171 Ky. 430.

The amended petition was evidently not permitted to be filed because offered after the case was called for trial, and, as that reason will not exist when the case goes back for a new trial, the amended petition should be filed, which will authorize an instruction permitting a recovery, if the proof justifies it, for past and future pain and suffer-

ing and for any permanent impairment of ability to earn money, since these elements of damages are permissible when permanent injury is pleaded.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent herewith.