## Carr v. Warford.

(Decided April 20, 1923.)

### Appeal from Anderson Circuit Court.

1. Municipal Corporations—Evidence Held to Sustain Finding of Negligence of Automobile Driver and Freedom from Contributory Negligence.—In an action for injuries to a pedestrian who was struck by defendant's automobile while crossing the street in the middle of the block, evidence tending to show negligence in the operation of the automobile after defendant could have discovered plaintiff's peril held sufficient to sustain a finding of negligence, and evidence as to plaintiff's conduct held sufficient to sustain a finding plaintiff was not contributorily negligent.

2. Appeal and Error—Exclusion of Declaration Held Harmless.—If it was error to exclude evidence of a declaration made by a bystander at the time of the accident that plaintiff had jumped in the way of defendant's car, the error was harmless where the same witness testified to a similar declaration by plaintiff himself.

3. Appeal and Error—Exclusion of Statement in Answer to Improper Question is Harmless Where it was Subsequently Admitted.—Even

if an answer to an improper question was itself competent, its exclusion was not prejudicial to the party offering it where the same witness gave the same testimony in answer to other questions both before and after the excluded answer was given.

4. Trial—Error in Instruction as to Duty of Motorist to Warn Held Harmless.—If an instruction stating that it was a motorist's duty to give notice of his approach by customary signals, to keep a lookout for persons, and to exercise ordinary care to prevent injury was erroneous because the statement with reference to the duty in respect to signals preceded the defined duty in keeping a lookout, that defect was not reversible error where the instruction on the whole correctly presented the law.

5. Municipal Corporations—Instruction as to duty of Motorist to Keep Lookout Held Correct.—An instruction as to the duty of plaintiff to keep a lookout for pedestrians in front of plaintiff's automobile was not erroneous because it failed to limit that duty to pedestrians so near as to bring them in danger of being struck by it, where the duty was measured by the degree of care required in the instruction to prevent injury to persons on the highway—that is, ordinary care.

6. Municipal Corporations—Instruction as to Duty of Motorists to Warn Held Warranted by the Evidence.—An instruction on the duty of defendant to give warning of the approach of his automobile was properly given where the evidence did not establish that plaintiff knew of the approach of the automobile.

7. Municipal Corporations—Evidence Held not to Show Plaintiff was Crossing Street at Dangerous Place so as to Require Instruction Asked.—Neither plaintiff's testimony that he was crossing a street not at an intersection, but where the traffic was light, nor defendant's evidence that there were many automobiles on the street, and that plaintiff jumped in front of defendant's automobile in trying to avoid collision with another, requires the instruction on contributory negligence to be hypothecated, on the idea that plaintiff was crossing the street at an unusually dangerous place, and was therefore bound to exercise care commensurate with the increased danger.

EDWARDS, OGDEN & PEAK and L. W. McKEE for appellant.

LILLARD CARTER for appellee.

Opinion of the Court by Judge Moorman—Affirming.

While crossing South Main street in the city of Lawrenceburg, William Warford was struck by an automobile driven by Edgar Carr. Warford recovered a judgment in damages for $500.00 against Carr in the Anderson circuit court, to reverse which this appeal is prosecuted.

The accident occurred about five o'clock in the afternoon of August 19, 1920. Appellee, who was sixty-five years of age, had started diagonally across the street in

Lawrenceburg to a soft drink stand, and when more than halfway across was struck by the left front fender of appellant's machine, and knocked down and run over by the left hind wheel. The evidence is conflicting as to the extent of the traffic on the street at that time. The Anderson county fair was in progress. Appellee admits that he was not crossing at an intersection, but claims that the traffic was light. Appellant contends that there were many automobiles on the street and that appellee jumped in front of his automobile in trying to avoid a collision with another. There is evidence to show that appellee did not look in the direction from which the machine was approaching. He and other witnesses testified that appellant gave no signal of his approach. Appellant, however, said that he blew his horn, expected appellee to stop when the horn was blown, and when he did not stop attempted to avoid the collision by swerving the machine and stopping it. There is some corroboration of this evidence. After the injury appellee proceeded to the soft drink stand, but in a few minutes became ill and, according to the testimony of his physician, developed a serious injury as a result of the accident.

It is earnestly argued that the evidence is not sufficient to support the verdict, even if it be conceded that there was some evidence authorizing the submission of the case to the jury. We cannot sustain this contention, for, although it is not shown that appellant was driving at an excessive rate of speed, there is evidence to the effect that he did not sound his horn nor signal his approach to appellee, which, with other testimony tending to show negligence in the operation of the machine after he could have discovered appellee's peril, was in our opinion sufficient to take the case to the jury and sustain its finding. It may be conceded, in this connection, that there was evidence of negligence on the part of appellee, but that question, as well as that of appellant's negligence, was for the jury, and we are unable to say that the finding of the jury is so flagrantly against the evidence as to require the setting aside of the verdict and the granting of a new trial.

Complaint is made of the court's ruling in excluding from the jury a statement made by one of the witnesses who, in response to a question as to what he saw, said: "My attention was called by somebody saying, 'look yonder, he jumped out of the way and jumped in the way

of another one.'" The witness was a traffic officer in Lawrenceburg and was some distance from the place where the accident occurred. He did not say who made this statement. It was not made by appellee nor by any one in his presence. Appellant contends, however, that it was a part of the *res gestae.* Conceding its competency from that point of view, still it would have been largely cumulative, for, in addition to other evidence to that effect, the same witness testified to a similar declaration made by appellee. In view of those facts we cannot hold that the exclusion of the statement prejudicially affected appellant's rights.

It is also insisted that the court erroneously excluded a statement made by the same witness that, "he just said he had to get out of the way of the other machine." Prior to the making of that statement the witness had been asked what appellee told him as to how the accident occurred, and he had replied: "He said he had to get out of the way of the other one." This testimony was admitted. Counsel for appellant then asked the witness: "Did he say that he had to get out of the way of the other one was the cause of the accident, or not?" The court sustained an objection to the question and to the answer, excluding the latter. The question was incompetent, and, while the answer was competent, it was but a repetition of what the witness had just said. Besides, the next question was: "What did he say? State to the jury what he said," to which the witness replied: "Well, I asked him if he was hurt; he said, 'no, I am not hurt.' He said, 'I had to get out of the way of the other machine.'" It is apparent, therefore, that it was not error to exclude the answer referred to, since the same evidence from this witness was admitted in response to other questions.

Instruction No. 1 is criticised on the ground that it told the jury that it was appellant's duty to give notice of the approach of his automobile by customary signals, and to keep a lookout for persons and vehicles on the street, and to exercise ordinary care to prevent injury to them, etc. It is insisted that that part of the instruction requiring appellant to give notice of the approach of his machine is erroneous The instruction is inartfully drawn, in that the definition of appellant's duty in respect to signals precedes the defined duty as to keeping a lookout. However, that defect is not reversible error, as the instruction on the whole correctly presents the law. Nor do we think the instruction erroneous in failing to qualify

the lookout duty therein imposed by limiting that duty to pedestrians or vehicles so near the front of appellant's automobile as to bring them in danger of being struck by it. The lookout duty imposed by the instruction is measured by the degree of care therein required of appellant to prevent injury to persons on the highway at the time, i. e.—ordinary care. And this degree of care was applicable, under the terms of the instruction, not only to the discovery of people on the highway, but also to the giving of signals, to the operation of the automobile, and to the responsibility of appellant in respect to preventing injury to others using the street.

It is said that the duty imposed in Instruction No. 1 to give a warning of the approach of the automobile was not justified under the evidence, because it was shown that appellee saw the car of appellant as it approached the point of accident. Bruce's Admx. v. Callahan, 185 Ky. 1, is cited on this point. It was held in that case that the driver of an automobile is not required to sound a warning signal on approaching a pedestrian who is looking at the car and knows of its approach. The rule is sound, and if the evidence in this case proved that appellee knew of the approach of the automobile, the argument would be maintainable. However, the evidence does not establish that fact, and consequently it was proper to include in the instructions a definition of appellant's duty as to signaling the approach of his automobile.

The instruction on contributory negligence is criticized because it is not hypothecated on the idea that appellee was crossing the street at an unusually dangerous place, and was therefore bound to exercise care commensurate with the increased danger. Neither the evidence for appellant nor that for appellee made out a case justifying the embodiment of that idea in the instructions.

Finding no errors in the record prejudicial to appellant, the judgment is affirmed.