## Blackman v. Streicher.

(Decided November 28, 1924.)

### Appeal from Jefferson Circuit Court (Common Pleas, Fourth Division).

1. Municipal Corporations—Refusal to Instruct on Last Clear Chance Doctrine Held Proper.—In pedestrian's action for injuries from defendant's automobile, in which there was no evidence that defendant saw or knew of plaintiff's presence on street until the instant the car struck him, refused to instruct on last clear chance doctrine held proper.

2. Municipal Corporations—Instructions as to Duties of Pedestrian and Automobile Driver Held Sufficient.—In pedestrian's action for injuries from defendant's automobile, instructions as to care to be exercised by automobile driver and pedestrian, respectively, held sufficient.

HENRY TILFORD for appellant.

WOODWARD & WARFIELD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

Appellant, Blackman, was struck by the automobile of appellee, Streicher, at the intersection of Cherokee road and Slaughter avenue in the city of Louisville, on a rainy, dark evening in October, 1922, and suffered a severe injury. This suit was commenced by Blackman to recover damages. The case was submitted to a jury which returned a verdict for the defendant, appellee Streicher, and Blackman brings the case here for review.

The parties do not agree about the facts. Appellant Blackman says he was on his way home and was walking across the intersection of Cherokee road and Slaughter avenue when he was struck from behind by a car, knocked down and dragged several feet, sustaining the injuries of which he now complains. He says he was on Cherokee road at the time the accident happened, while appellee insists that the accident happened on Slaughter avenue about eighteen (18) feet from the curb line of Cherokee road. According to the testimony of Blackman he was cautious in proceeding across the street and was keeping a careful lookout for approaching cars. He did not see or know of the approach of appellee's car until it struck him when he was very near the curb. Appellee Streicher testified that he was proceeding along the right side of Cherokee road at a very slow rate when he came to the intersection of Slaughter avenue, at which point he stopped his car, gave a signal by horn and extended his hand to indicate he was about to turn to the left into the avenue; that he proceeded around the corner at a very slow rate and had gone about eighteen feet up the avenue when he suddenly and for the first time saw appellant Blackman to the left and immediately in front of the end of the bumper on his car; that he immediately applied the brakes and stopped his car, but not until it had struck appellant and knocked him to the ground. He

says that it was a misty, foggy evening, that rain was on his windshield and that he could not see except where the wiper had cleared the water from the windshield and that was why he was proceeding so cautiously. He admits he turned around the corner rather closely to the curb, but insists he was then making his way to the right side of Slaughter avenue; that in making the turn he was required by subsection 42 of section 2739g, Kentucky Statutes, "to pass to the left of the center, keeping, however, as far to the right as possible so to do and still passing to the left of said center." According to his evidence he was about the center of Slaughter avenue at the time the accident happened and that he was making for the right side of that avenue. If, as contended by him, he gave the signals, proceeded slowly and was in the center of the street at the time of the accident the jury was fully warranted in concluding that the negligence of appellant Blackburn so contributed to his injury that but for which the accident would not have happened.

On this appeal appellant insists that the court should have instructed the jury to find for plaintiff, unless it believed that the plaintiff, himself, was negligent; or, if not this, then the court should have instructed the jury that, even though the plaintiff was negligent, if defendant discovered his peril or could have discovered it by the exercise of ordinary care, and did not thereafter exercise ordinary care to avoid striking the plaintiff, its verdict should be for the plaintiff. Appellant also insists that the verdict should have been for him because it is shown that appellee Streicher was driving his car on the left side of the street at the time of the accident when required by law to be on the right side of the street.

Appellant offered several instructions, the substance of all of which, except one, was given by the court. The one not given presented the "last clear chance" doctrine, and reads:

"The court instructs the jury that even though they may believe defendant was guilty of negligence that contributed to cause or bring about his injuries if they further believed defendant saw plaintiff's peril in time to have avoided striking him by the exercise of ordinary care after defendant had discovered the plaintiff's peril, if he did so discover it, then the jury should find for the plaintiff notwithstanding his own negligence if any."

Of course a trial court must be governed by the issues and evidence presented in giving instructions. There is absolutely no evidence, so far as we are able to see, to the effect that appellee Streicher saw or knew of the presence of appellant on the street until the instant the car struck him. If there were evidence tending to show that appellee Streicher saw appellant Blackman on the street a sufficient length of time before the accident to have enabled appellee, by the employment of all reasonable means at his command, to have avoided striking and injuring appellant, then the instruction offered by appellant and copied above, should have been given; but in the absence of such evidence such an instruction would have been out of place. The court in instructing the jury laid down the correlative duties of the driver of the automobile and of the pedestrian upon the streets, saying in substance that it was the duty of Streicher, at the time and place of the accident, to operate his automobile at a rate of speed that was reasonable and proper, having regard for traffic and weather conditions at that time and place; to have his automobile under reasonable control; to keep a lookout ahead for persons and vehicles on the street in front of his automobile or so near thereto as to be in danger of collision, to give reasonable and timely warning of the approach of the car to the intersection of the streets, by the usual and customary signals and to exercise ordinary care generally to so run and operate his said automobile as not to bring it into collision with other persons or vehicles using the highway at that time and place. With respect to the duty of appellant Blackman the jury was told that it was his duty at the time and place referred to in the evidence to exercise ordinary care for his own safety. Another instruction defined "ordinary care" and "negligence." Still another instruction gave the jury the measure of damages, if it found in favor of plaintiff.

After setting out the respective duties of the parties the court told the jury that if it believed that defendant, Streicher, failed to perform any one or more of the duties required of him by law, as stated in the instructions, and that such failure on his part, if any, caused his automobile to strike Blackman to his injury, to find and return a verdict for Blackman. On the other hand, the court told the jury that if Blackman failed to exercise ordinary care for his own safety at the time and place of the accident and his negligence, if any, caused or contributed to the

bringing about of the accident and his injury, and that he would not have been injured but for his failure to exercise ordinary care for his own safety, to find for the defendant Streicher. The instructions appear to present the whole law of the case in a concise and understandable way. Except for the instruction upon the ''last clear chance,'' asked by appellant, the court presented every phase of the case upon which an instruction was asked.

We find no error in the record authorizing a reversal of the judgment and it must be and is affirmed.

Judgment affirmed.