## Wight v. Rose.

(Decided June 19, 1925.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Fourth Division).

1. **Trial—Instructions Held Not Contradictory.**—In personal injury action, instruction authorizing recovery, if defendant failed to perform duties in operation of automobile, and plaintiff was injured thereby, but unless jury so believed from evidence, then to find for defendant, an instruction defining duties of driver of truck, in which plaintiff was riding, and directing verdict for defendant, if jury believed accident to have been by driver's failure to perform duties, but unless jury so found, then law was for plaintiff, held not contradictory, when considered together, each being intended as a counterpart of the other.

2. **Trial—Instructions Must be Considered Together.**—Instructions must be considered together.

3. **Appeal and Error—Instruction Held More Favorable than Defendant was Entitled to Under the Evidence.**—In action for personal injury from automobile collision, instructions charging plaintiff as matter of law with negligence, if any, of driver of truck in which he was riding, held, under the evidence, more favorable to defendant than they should have been.

4. **Municipal Corporations—Instruction as to Rate of Speed Held Properly Refused as Incorrect.**—As Kentucky Statutes, section 2739g-51 does not fix any speed limit other than to make it unlawful to operate motor vehicle on highway at greater speed than is proper, having regard for traffic, in personal injury action, there was no error in refusing defendant's instruction, that truck in which plaintiff was riding was being operated at improper and unreasonable rate of speed, if it was being driven at speed greater than 20 miles per hour.

5. **Trial—Rule, as to Instruction on Rate of Speed, where Defendant Offers Incorrect Instruction Thereon, Stated.**—In personal injury

action resulting from automobile collision, where there was evidence that, at time of accident, automobile was being operated in residence district in excess of 20 miles per hour, and defendant requested instruction that such speed was improper and unreasonable, under Kentucky Statutes, section 2739g-51, it was error not to charge that such speed was prima facie evidence of unreasonable and improper driving, though requested instruction was incorrect in law.

6.  Appeal and Error—Error in Failing to Instruct on Speed as Prima Facie Evidence of Negligence Held Not Prejudicial, where Verdict Necessarily Implied Rejection of Evidence as to Speed.—Error in failing to instruct that speed of truck in excess of 20 miles per hour in residence district was prima facie evidence of unreasonable and improper driving held not prejudicial, where verdict was necessarily based on plaintiff's version that defendant suddenly backed his car in front of truck, when latter was but few feet distant.

WOODWARD, WARFIELD & DAWSON for appellant.

NATHAN KAHN for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This is an action to recover damages for injuries received in an automobile accident, which occurred July 14, 1923, at Market and Forty-second streets, in the city of Louisville. A trial resulted in a judgment and verdict for $600.00 for plaintiff, and defendant appeals.

The chief complaint is that the first and second instructions given are contradictory, and, therefore, considered as a whole, are necessarily erroneous and prejudicial.

The first instruction is not criticised. It defines defendant's duties in the operation of his automobile, and authorizes a recovery by plaintiff if the defendant failed to perform any such duties and plaintiff was thereby injured. It concludes: "But unless you so believe from the evidence, then the law is for the defendant, Bernard J. Wight, and you should so find."

The second instruction defines the duties of the driver of the truck in which plaintiff was riding at the time of the accident, and directs a verdict for the defendant if the jury believe from the evidence the accident was caused by the failure upon the part of such driver to perform any of his duties. This instruction concludes: "But unless you so believe from the evidence, then the

law is for the plaintiff, Hughie Rose, and you should so find.''

The insistence for appellant is, that this clause in instruction No. 2 authorized the jury to find for the plaintiff simply if they believed the driver of his truck was not negligent, without reference to whether or not defendant was negligent, and, standing alone, it must be admitted that such is its effect.

It is also true, as urged, that there is no reference, in either instruction, to the other, by number or otherwise in express terms. However, the purpose of the court to make the one instruction a counterpart of the other by their concluding clauses is not only self-evident, but such, in fact, is their effect when both are considered, since by the first one the jury were told to find for the defendant unless they found for plaintiff thereunder, and by the second to find for plaintiff unless they found for defendant under that instruction.

Hence the two instructions and their concluding clauses, when considered together, are not contradictory, but offered to the jury only the alternative of finding for plaintiff under the first instruction, or for defendant under the second instruction. There was no possibility, therefore, that the jury could have been misled by the court's instructions when considered together, as, under all of the authorities, they must be considered. And, when so considered, they are much more favorable to the defendant than they should have been, in that they charge plaintiff, as matter of law, with the negligence, if any, of the driver of the truck, which, under the evidence, was error.

Complaint is also made of the court's refusal to give an instruction offered by appellant, telling the jury that the driver of the truck was operating same at an improper and unreasonable rate of speed if he was driving at a speed greater than 20 miles per hour. This is not the law, and the court did not err in refusing to give the instruction as written, since the statute (section 2739g-51) does not fix any speed limit other than to make it unlawful to operate a motor vehicle upon a public highway at ''a greater speed than is reasonable and proper, having regard for the traffic and the use of the highway.'' But that section does provide that a speed in excess of 20 miles an hour in a residential section of a city, as was the place of this accident, ''shall be *prima facie* evidence of unreasonable and improper driving.'' This latter

provision, therefore, only affects the burden of proof so as to make it incumbent upon one who is operating his car in excess of such speed to show that same did not produce the injury. Moore v. Hart, 171 Ky. 725, 188 S. W. 861; Kappa v. Brewer, 207 Ky. 61.

Hence where, as here, there is evidence that at the time of the accident an automobile was being operated in excess of such rate, and the adverse party offers an instruction, incorporating that idea, it is error not to cover the point in the instructions given, even though the offered instruction can not be given because not correct in form.

However, the issue here was sharply drawn by both the evidence and the instructions given, as to whether the accident was caused, as claimed by plaintiff, by defendant's suddenly backing his touring car in front of and across the path of the truck when it was only about five feet distant and proceeding at about ten miles an hour, or, as claimed by defendant, by the driver of the truck operating same at so great a rate of speed that he lost control of same and ran it into the sidewalk when defendant's car was standing still and not in the truck's path or way.

Each side supported its theory by two witnesses, and in finding for plaintiff under the evidence and the instructions, the jury necessarily found that defendant suddenly backed his car in front of the truck, and that this, rather than the excessive speed of the truck, if any, caused the accident and plaintiff's injury.

We therefore conclude that the complained of error in the instructions was not prejudicial to appellant, and finding no such error in the record, the judgment is affirmed.