## Stober v. Embry.

(Decided March 22, 1932.)

118

WOODWARD, HAMILTON & HOBSON for appellant.

HUMPHREY, CRAWFORD & MIDDLETON for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Edward F. Stober, an infant sixteen years of age, was employed as a caddie on the golf course of the Audubon Country Club. He was struck on the head by a golf ball driven by Harry W. Embry and suffered a severe injury. In an action to recover damages for the injury, it was alleged that "the defendant, Harry W. Embry, negligently and carelessly drove a golf ball and struck the plaintiff, thereby seriously and permanently injuring him about his head, nerves and nervous system, his left arm and body, as a result of which the plaintiff has epileptic fits, to his damage in the sum of $30,000." The defense was a denial of the averments of the petition, coupled with affirmative pleas of contributory negligence and assumption of the risk. The affirmative allegations of the answer were traversed by a reply. At the conclusion of the testimony for the plaintiff, the trial court directed a verdict for the defendant. A new trial was requested and refused, and the plaintiff has prosecuted an appeal. The sole question presented is the propriety of the peremptory instruction. Its determination

depends upon an interpretation of the evidence considered in the light most favorable to the plaintiff. If the testimony, when so viewed, tended to sustain the cause of action alleged, it was error to take the case from the jury. Terrell v. Southern Ry. Co., 225 Ky. 645, 9 S. W. (2d) 993; Louisville & N. R. Co. v. Rowland, 227 Ky. 841, 14 S. W. (2d) 174.

The facts are few and may be simply stated. Stober had been working as a caddie at the Audubon Country Club golf links for about five years prior to the time he was hurt. His duties were to carry the clubs of the player he was serving and to watch the ball the player was driving. While the players were driving from the various tees, the caddies were instructed to stand in a particular place which was supposed to be safe. The accident occurred when the players were driving from the third tee toward the fourth green, at which time the plaintiff and his companion caddies were stationed in the rough to the left of the fairway, at a distance of about fifty yards from the third tee. The players were aware of the presence and of the position of the caddies. The caddies do not concur as to their relative positions. But that does not seem to be important. They all agree substantially as to the spot where they were waiting, and how the injury was sustained. The players and the caddies were in plain view of each other, and were observing each other's movements. The fairway was from seventy-five to one hundred yards wide, and it is the desire of the players to keep the ball within that space and out of the rough. Embry drove his ball from the third tee, and, in the parlance of the players, made a hook, which is explained as a curve of the ball to the left out of the fairway. The ball was dodged by one of the caddies, but it struck young Stober on the head with dreadful consequences.

It is argued for the appellant that Embry owed a duty to the caddie to exercise ordinary care not to injure him, and, having seen where the boy was stationed, he was under an absolute duty not to hit him with the driven ball. The rule advanced would make the players insurers of the safety of the caddies, and no such doctrine applies in a negligence case. It is the duty of the driver of a golf ball to exercise ordinary care for the safety of persons reasonably within the range of danger. But ordinary care in such situations does not require the

impossible. A player is not able to control either the direction or the destination of a golf ball driven by him. Obviously he must give notice to those unaware of his intended play of the purpose to send the ball in the direction of persons so situated as to be in danger. But no testimony discloses any breach of duty by Embry. He struck the ball, but he could not control it, and it was to be expected that the caddie would watch it and keep out of its way. As remarked by a Pennsylvania Court:

> "It is well known that not every shot played by a golfer goes to the point where he intends it to go. If such were the case, every player would be perfect and the whole pleasure of the sport would be lost. It is common knowledge, at least among players, that many bad shots must result although every stroke is delivered with the best possible intention and without any negligence whatever." Benjamin v. Nernberg, 102 Pa. Super. Ct. 471, 147 A. 10, 11. Compare Schlenger v. Weinberg, 107 N. J. Law 130, 150 A. 434, 69 A. L. R. 738.

No duty to give notice of the intended drive existed for the benefit of the boy who was already aware of the player's purpose to send the ball in his general direction, and who was stationed where he could watch the play. Negligence is the breach of a duty owed to another by reason of the relationship existing or the circumstances presented, and the record contains no evidence tending to show that Embry failed to perform any duty imposed upon him either in omitting any precaution or in committing any act. He struck the ball in the usual and customary way, and the unfortunate results that followed were not traceable to any fault upon his part. Chesapeake & O. Ry. Co. v. Craig, 229 Ky. 365, 17 S. W. (2d) 224; Weil v. Kreutzer, 134 Ky. 563, 121 S. W. 471, 24 L. R. A. (N. S.) 557; Auto Livery Co. v. Stone, 237 Ky. 686, 36 S. W. (2d) 349; Stephens v. Kitchen Lumber Co., 222 Ky. 736, 2 S. W. (2d) 374.

The appellant relies upon the case of Toohey v. Webster, 97 N. J. Law 545, 117 A. 838, 23 A. L. R. 440, where a judgment in favor of a caddie against a player who drove a golf ball against him was affirmed. The case was rested upon the breach of a duty to warn the caddie of an intended drive. The player made a slice which is the opposite of a hook, and is described as a curve to the

right. The injured caddie was not serving the player, or any of the parties engaged in the foursome, and was not aware of the intended drive. The court held that the circumstances were sufficient to justify the jury in finding that the player was under a duty to warn the caddie and had negligently failed to do so. As indicated above, Embry was under no duty to warn the appellant of what he already knew. It is a sound principle, frequently applied, that warning is never required to be given to persons aware of potentially dangerous movements about to be made. Kentucky Refining Co. v. Schutz, 148 Ky. 535, 147 S. W. 391; Bruce v. Callahan, 185 Ky. 1, 213 S. W. 557; Carr v. Warford, 198 Ky. 690, 249 S. W. 1024; Wells v. King, 219 Ky. 201, 292 S. W. 777; Lieberman v. McLaughlin, 233 Ky. 763, 26 S. W. (2d) 753.

We concur in the conclusion of the circuit court that the evidence did not raise any issue for the determination of the jury.

The judgment is affirmed.