## C. L. & L. Motor Express v. Lyons et al.

(Decided June 24, 1932.)

(As Modified on Denial of Rehearing Nov. 29, 1932.)

612

TODD & BEARD for appellant.

GILBERT, PICKETT, KINSOLVING & BARRICKMAN for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

A Chevrolet coupe driven by Mrs. Lula Lyons came in collision with a large truck belonging to C. L. & L.

Motor Express. The coupe was demolished and Mrs. Lyons sustained serious personal injury. The front of the truck was considerably damaged by the collision. Mrs. Lyons sued the owner of the truck to recover damages for her injury, and her husband instituted a suit to recover the e x p e n s e incurred by him in caring for his wife, compensation for the loss of her services, and damages for the destruction of his personal property. The two cases were tried together, resulting in separate judgments in favor of the plaintiffs. The motor express has prosecuted an appeal in each case, and both appeals will be disposed of in a single opinion. The issues of negligence and contributory negligence were presented by the pleadings, and both cases are governed by the same principles.

It is insisted by the appellant that it was entitled to a peremptory instruction in its favor. The soundness of the contention depends upon an appreciation of the evidence. Mrs. Lyons testified that she was driving west on Main street in Shelbyville, when she observed a large passenger bus about half a block ahead, also going west, which was preparing to stop for a railroad crossing. She immediately pulled her car to the center of the street to see if there was anything in the way of her driving around the bus. The street was not very wide and a street car track occupied the central portion thereof. Mrs. Lyons said she was driving at a speed of not more than 15 or 16 miles an hour. It was dark and automobiles could be observed by the lights. She saw several cars approaching in a procession, but they were on the south side of the street car track, leaving room for her car to pass the bus. As she attempted to pass the bus, she noticed the front headlights of a motor car meeting her turn toward the center of the street, which was the last she remembered. When she observed the lights turn toward the center of the street, the motor car was less than half a block in front of her. Indeed, it is obvious that the accident must have occurred at the very instant the turn of the lights was observed, since Mrs. Lyons could remember nothing after that moment. Mrs. Lyons further testified that she slowed down slightly as she approached the passenger bus, but speeded up as she ran around it. She said, however, that her speed at no time exceeded 18 miles an hour. The tendency of the testimony of Mrs. Lyons was to the effect that she was passing the passenger

bus with sufficient clear space ahead for that purpose, when the truck, which was meeting her, and which had room to pass on the south side, suddenly changed its course and came directly in collision with her car in the middle of the street. She could not turn to the right, because of the presence of the passenger bus alongside her car, and she could not stop after she discovered the lights turning toward the center of the street because of lack of time. Her testimony was corroborated to some extent by a witness who was in a car following next behind the truck at a relatively short distance.

The testimony of those witnesses constituted at least a scintilla of evidence tending to show that the driver of the truck negligently changed his course, and suddenly interposed the truck in the path of Mrs. Lyons, after she had started to pass the bus. The testimony was cogently contradicted by other testimony, but in testing the right to a peremptory instruction, we must accept the evidence for the plaintiff as true, and deduce the inferences that may be reasonably drawn therefrom. Terrell v. Southern Ry. Co., 225 Ky. 645, 9 S. W. (2d) 993; Bryson v. Raum, 243 Ky. 121, 47 S. W. (2d) 927. The lights on the Lyons car were burning, and it is apparent that the driver of the truck could see her car approaching on the street car track. Hence, in so far as the driver of the truck was concerned, it was not necessary for Mrs. Lyons to sound her horn, as required by the statute for the benefit of vehicles being overtaken and to be passed. Ky. Stats. 2739g-40. If the driver of the truck was negligent in any respect, under the circumstances narrated, it consisted in changing the course of the truck from the south side of the street toward the center, bringing it directly, suddenly, and unnecessarily in front of the Lyons car. Whether he did so in fact, under the evidence, was a question for the determination of the jury. Viewed in this light, the evidence was sufficient to carry the case to the jury. But it is insisted that the plaintiffs were precluded from a right to recover in any event because of the reckless conduct of Mrs. Lyons in running around the bus under the circumstances disclosed.

Contributory negligence generally is for the determination of the jury, and the question must be left to that tribunal if the proof produces conflicting tendencies. Louisville & N. R. R. Co. v. Jolly, 232 Ky. 702, 23 S. W. (2d) 564; Padgett v. Brangan, 228 Ky. 440,

15 S. W. (2d) 277; Foreman v. Western Union Tel. Co., 228 Ky. 300, 14 S. W. (2d) 1079.

If Mrs. Lyons attempted to pass the passenger bus at a time when the way was not reasonably clear, or at an excessive speed, or without reasonable care for her own safety, she was guilty of contributory negligence. Ky. Stats., sec. 2739g-39; Stevens v. Potter, 209 Ky. 705, 273 S. W. 470; Padgett v. Brangan, 228 Ky. 440, 15 S. W. (2d) 277. The street car track occupied the central portion of the street, and in using all of the track Mrs. Lyons was too far to the south, and, if the truck was then in the act of passing the bus, she had no right to make any attempt to pass (Ky. Stats., sec. 2739g-39), even though the truck was south of the car track. The street was narrow and the margin of safety at best was extremely limited. In the dark and in the presence of so many vehicles, Mrs. Lyons may have been mistaken as to the location of the path of the cars that were meeting her. She may have been negligent in trying to pass the bus at all under the circumstances, and, if so, and her act had a causal connection with the collision, the plaintiffs were precluded from the right to recover. But it was possible that Mrs. Lyons might have passed the bus in safety, if the truck had maintained a straight course. Again, Mrs. Lyons may have gotten too far to the south of the center and collided with the truck when it had not changed its course, or that condition may have caused the truck to vary its course. Hence, it being reasonably possible for different conclusions to be derived from the evidence, it could not be declared as a matter of law that the accident resulted from the contributory negligence of Mrs. Lyons. It was for the jury to find the facts and to make the appropriate inferences therefrom, fixing the responsibility accordingly. The instructions should be so framed as to advise the jury the law in every hypothesis deducible from the evidence. Nevertheless, the court gave an instruction that was practically a peremptory direction to find for the defendant, which direction the jury disregarded. That instruction read:

"If the Jury believe from the evidence that defendant's truck was approaching and about to pass the bus described in the evidence, and plaintiff attempted to pass the bus, in the direction in which it was traveling, and collided with defendant's truck, the Jury shall find for the defendant."

The evidence showed conclusively the exact situation described by the instruction. Defendant's truck was approaching and about to pass the passenger bus; the plaintiff attempted to pass the bus in the direction in which it was traveling, and collided with the defendant's truck. The instruction was not correct, since it failed to embody a hypothesis embracing all the elements of fact that would entitle the defendant to a verdict. But it was the duty of the jury to obey the instruction as given, and disregard of that duty necessitates a reversal of the judgments. The exact question has been presented to this court and the practice is settled. In the case of Lynch v. Snead Architectural Iron Works, 132 Ky. 241, 116 S. W. 241, 21 L. R. A. (N. S.) 852, after mature consideration, and upon an exhaustive review of the authorities, the rule was accepted as established that a verdict is contrary to law when it is in conflict with an instruction of the court, regardless of the merit of the instruction. The doctrine of that case has been consistently applied. Barney v. Jolly Hoop Co., 172 Ky. 103, 188 S. W. 1094; Krieger v. Standard Printing Co., 191 Ky. 556, 231 S. W. 27; Yellow Poplar Lumber Co. v. Bartley, 164 Ky. 763, 176 S. W. 201; City of Madisonville v. Nisbit, 239 Ky. 366, 39 S. W. (2d) 690.

Since a new trial must be awarded, it is necessary to consider some other questions raised on the record. The two cases, upon the motion of the defendant, and over the objections of the plaintiffs, were ordered tried together. Wade C. Lyons, the husband, was also a plaintiff, and had the right to testify for himself, although forbidden to testify for his wife. In overruling an objection to his testimony, the trial court admonished the jury:

"Gentlemen, the law provides that neither the husband nor the wife shall testify for or against each other in any case. These cases are being tried together, and both plaintiffs have a right to testify for themselves; but the jury are instructed not to consider the testimony of either in determining the rights of the other one."

In such situations it may constitute an error against the defendant for the court to try both cases together (Sheetinger v. Dawson, 236 Ky. 571, 33 S. W. (2d) 609), notwithstanding proper admonition is given the jury. But the defendant in this case, when it requested a joint trial of the cases, brought about a situa-

tion from which the court could not extricate it. Each of the plaintiffs had a right to testify for himself, and in order to preserve the rights of all parties, the court could do no more than admonish the jury as it did. The defendant, therefore, was in no position to complain of the testimony of Wade C. Lyons, or of the admonition by the court.

Another complaint concerns the instructions, and since a new trial will be required it is necessary to notice them. The instruction on the "last clear chance" should have been omitted. The evidence, in any view, did not warrant such an instruction. If, as is argued, Mrs. Lyons did not have time to stop her car, or opportunity to get out of the way of the truck, neither did the truck have time to stop, or get out of the way of the Lyons car. The case narrows to the simple problem of fact whether the truck was turned suddenly in front of the Lyons car as claimed, when she had room to pass if the truck had continued its course. Any argument adduced tending to sustain the position that the driver of the truck might have discovered the peril of Mrs. Lyons in time to have avoided a collision would apply with equal force to the situation of Mrs. Lyons herself. The two vehicles were approaching each other on parallel paths, with equal opportunity to see ahead and to avoid collision. Neither was in peril, unless and until one ran into the path of the other. Howell v. Standard Oil Co., 234 Ky. 349, 28 S. W. (2d) 3. If that exigency arose, the party to blame for it must be held responsible for the consequences, but such a situation had nothing in common with conditions calling for the application of the doctrine of the "last clear chance." Blackman v. Streicher, 205 Ky. 773, 266 S. W. 633; Peak v. Arnett, 233 Ky. 756, 26 S. W. (2d) 1035; Lieberman v. McLaughlin, 233 Ky. 763, 26 S. W. (2d) 753.

The instructions must be confined to the issues supported by evidence. The court, if another trial is had, will frame the instructions so as to present the issues of negligence on the part of the defendant, and contributory negligence on the part of Mrs. Lyons. In view of another trial the court should reform the instructions to conform to the principles of this opinion, submitting the issues that may be made necessary by the evidence then adduced.

It is insisted that appellant is not in position to complain of the instructions; but whether so or not, a

reversal is required rendering it necessary to indicate appropriate instructions to be given on a new trial.

The complaints that excessive damages w e r e awarded in each case, and that newly discovered evidence warranted a new trial, in view of the conclusion already announced, need not be discussed or decided.

It is argued that the verdict is perverse and palpably against the evidence, but since the evidence on another trial may be different, that question also will be reserved.

The judgment in each case is reversed for a new trial not inconsistent with this opinion.