Van Voorhis, J.
(dissenting). Plaintiff testified that, playing in a threesome, he went to look for defendant’s golf ball which had been lost in the rough, but that it was found when plaintiff was between 50 and 100 feet away from defendant. Then plaintiff went to look for the ball of the third player, nearer to the next green, which was found also. Plaintiff knew that under the etiquette of the game defendant had the next play, his ball being farthest from the next hole. It thus appears from plaintiff’s own testimony that he knew where defendant was, knew that the latter was likely to swing, and plaintiff testified that he actually saw defendant swing. The only advantage in defendant’s shouting “ fore ” would have been to have enabled plaintiff to have retired to a place of safety. Giving warning could have made no difference in the case of this accident, since plaintiff was already in possession of the information which would have been conveyed to him if defendant had called the word “ fore ” before playing his shot. Plaintiff, knowing the circumstances, voluntarily took a position nearer to the next hole, about 30° outside of a direct line between defendant and the next hole. He knew that defendant was going to play, knew that he was upon the opposite side of the tree through the branches of which the ball came, and took a chance that defendant would shoot straighter than he did. Plaintiff assumed the risk that he might be hit. A plaintiff should not be permitted to recover who has assumed a risk inherent in a sport in which he is a participant (Rocchio v. Frers, 248 App. Div. 786; Benjamin v. Nernberg, 102 Pa. Superior Ct. 471; Stober v. Embry, 243 Ky. 117). In Ingersoll v. Onondaga Hockey Club (245 App. Div. 137) and Kaufman v. Madison Square Garden Corp. (246 App. Div. 593) complaints were dismissed on the law where *840 spectators had been struck by hockey pucks. The opinion in the Ingersoll case (supra) cites as analogous several cases in other States where spectators were struck by baseballs, where the complaints were dismissed on the law. Other cases where similar disposition was made, and in which plaintiffs were held to have assumed the risks involved in amusements, are Murphy v. Steeplechase Amusement Co. (250 N. Y. 479) and Lumsden v. Thompson Scenic Ry. Co. (130 App. Div. 209). In Stober v. Embry (supra), a golf ball case, the Kentucky Court of Appeals said (p. 121) : “ It is a sound principle, frequently applied, that warning is never required to be given to persons aware of potentially dangerous movements about to be made.” In Benjamin v. Nernberg (supra) the Pennsylvania Superior Court said (p. 476): “It is common knowledge, at least among players, that many bad shots may result although every stroke is delivered with the best possible intention and without any negligence whatever. * * * This risk all golf players must accept.”
The judgment appealed from should be reversed, with costs, and the complaint dismissed.
Glennon, J. P., Dore and Cohn, JJ., concur in decision; Van Voorhis, J., dissents and votes to reverse and dismiss the complaint in an opinion in which Shientag, J., concurs.
Judgment affirmed, with costs. No opinion.