**GARDNER, a Minor, etc., Plaintiff-Appellee, v HELDMAN, Defendant-Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6905. Decided March 15, 1948.

Merland, O'Meara, Santen & Willging, Cincinnati, and John A. Kiely, Cincinnati, for plaintiff-appellee.

Harmon, Colston, Goldsmith & Hoadly and Henry B. Street, Cincinnati, for defendant-appellant.

## OPINION

By ROSS, J.:

This is an appeal upon questions of law from a judgment of the Court of Common Pleas of Hamilton County, entered by the Court in favor of the plaintiff.

The plaintiff brought the action through his father and next friend. In his petition he alleges that he, on September 19, 1943, was a minor, 12 years of age. That on that day he was employed by the Losantiville Country Club as a caddy and was assigned for duty as such to the defendant; that while performing such duties for the defendant he was struck in the head by a golf ball driven by the defendant, and thereby permanently injured. That when the defendant drove the golf ball the plaintiff was standing some fifteen feet away from the defendant and in the direct line of the intended and anticipated flight of the ball, that defendant knew plaintiff

was in a position of danger and plaintiff was unconscious of his peril, that the defendant drove the ball directly toward plaintiff without warning plaintiff of his danger and without taking any precaution for the safety of plaintiff, that the ball struck plaintiff in the head, causing a depressed fracture of plaintiff's skull, that defendant was negligent in failing to warn plaintiff of his danger, in failing to order plaintiff to a position of safety, in driving the ball directly toward plaintiff, and without taking precaution for the safety of plaintiff and that such negligence was the direct, proximate result of plaintiff's injuries. The plaintiff alleged the various incidents of suffering and treatment which plaintiff underwent in an effort to remedy the damage caused by defendant's negligent acts.

In the answer, defendant admits the age of plaintiff, that he was employed as a caddy by the Club, was assigned to duty as such with the defendant at the place and time alleged in the petition and that the plaintiff was struck by a golf ball driven by defendant. Otherwise, the answer was a denial of the allegations of the petition.

From the record, it appears that the plaintiff was a caddy as alleged in the pleadings; that he was assigned as such to the defendant, who had full authority to direct his conduct as a caddy during his service as such while so assigned. At the seventh tee, the defendant's wife first drove off the "Ladies' Tee" which was situated directly in front of and some three feet below that used by men. After driving, the defendant's wife and the plaintiff moved over to the left side of the "Ladies' Tee" and stood there while the defendant drove off from about the middle of the men's tee. The plaintiff stood to the right of plaintiff's wife and somewhat closer to the men's tee than the defendant's wife. This position placed the plaintiff about fifteen feet in front of and some ten feet to the left of the defendant.

The ball, when driven by defendant instead of following a straight course swerved sharply to the left striking the plaintiff in the head and severely injuring him. It is obvious that the defendant knew of plaintiff's position and as an experienced golfer should have appreciated that the plaintiff was in a position of peril, and the evidence shows that he did. The defendant in no way attempted to change the plaintiff's position.

The jury returned a verdict in favor of the plaintiff for $10,000.00. This amount was subjected to an order of remittitur and a reduction of $3500.00 was accepted by the plaintiff.

The defendant assigns as error the action of the trial court in permitting an amendment to the petition during the trial, in that plaintiff was permitted to strike from the petition the words "in the exercise of ordinary care should have known" so that the clause including the words so struck read: "Defendant knew that plaintiff was in a place of great danger and that plaintiff who was then 12 years of age was unconscious of his peril."

It is claimed this change injected the issue of "last clear chance" into the case. It is evident from a reading of the petition that this is not true and such issue was never presented to the jury. The doctrine of "last clear chance" is predicated upon the premise that the plaintiff by reason of his negligence has placed himself in a position of peril, but by subsequent action has caused the contributory negligence to disappear, but still subjected to peril by his former acts, has a right to require the defendant to use ordinary care to protect him from the results of such former negligence.

Both from allegation and evidence it is apparent that the plaintiff after taking his position in an area of peril did nothing to change such position.

If he was negligent in taking such position in the first place, he did nothing to remove the charge of negligence which would attach to such action. If the plaintiff was negligent, he was continuously so from the time he took his position until he was struck by the ball.

In any event, this amendment did not change the cause of action of the plaintiff, and it does not appear how the defendant was in anyway prejudiced by the action of the court. See, L. & N. Rd. Co. v Greene, 113 Oh St, 546; Douglas, Admx. v Daniels Bros. Coal Co., et al., 135 Oh St, 641; §11364 GC.

It is claimed by defendant there was no evidence of negligence requiring the submission of this issue to the jury, but in the consideration of this claim the defendant in his brief apparently confuses this claim with the charge of contributory negligence upon the part of plaintiff. Such being the case, the two claims will be considered together.

At the outset, those cases dealing with non-liability for injury to **participants** or **spectators** in sports have no application. The plaintiff was not a **participant** in the game of golf being played by the defendant and his wife. The plaintiff was an employee of the golf club, placed by the Club under the direction and control of the defendant.

The plaintiff had some experience as a caddy, but this experience was very limited. He was a child of twelve years,

and possessed the judgment and discretion characteristic of that age. It was a question for the jury to decide whether that judgment and discretion was sufficient to hold the plaintiff responsible for taking a position which turned out to be in an area of danger. The defendant's wife took a position near plaintiff, in which she was even more exposed to danger than plaintiff. The jury would have been justified in concluding that the plaintiff had the right to rely upon her more mature judgment. It may be assumed that neither the wife nor the plaintiff considered themselves in position of peril, and that, therefore, certainly, the plaintiff as a matter of law cannot be considered to be guilty of contributory negligence, which latter issue was fully presented to the jury in the charge of the court.

. Now as to the negligence of the defendant:—The court might not be justified in finding that the acts of the defendant constituted negligence as a matter of law, but, certainly, his actions presented a question for the jury to determine as negligence or not. The defendant testified that he had played golf for thirty years, on an average of once a week, that he was an average golfer, shooting about "fifty-five" (nine holes), that he and every golfer hooks or slices a ball. The game of golf has become so familiar to the public through the use of public and private golf courses that certain characteristics of the game may be considered to be a matter of common knowledge, and it is a matter of common knowledge that the performance of a golf ball when struck from a tee by a player using the appropriate club is completely unpredictable. That this particular ball would take the course it did was easily within the realm of possibility, if not probability, and the defendant as an experienced golfer knew this. He knew or certainly should have known that anyone unless some distance behind him could be struck by a driven ball, but the defendant was called for cross-examination and made a most interesting statement. He was asked to state what he did at the seventh tee. He said:—"I addressed the ball. I swung. **I knew Teddy would be hit.** I swung at the ball. The ball went off of the tangent to the left and the next thing I knew Teddy had been hit." (Emphasis added.)

In spite of the fact that the defendant knew Teddy would be hit, he did not delay driving until the plaintiff had taken a position of safety. The defendant did not warn him of the knowledge he had of his danger or tell him, as he had the right to do, to go to the rear of his tee.

It is claimed that the case of **Englehardt v Philipps, etc.,** **136 Oh St, 73,** is conclusive as to the plaintiff's negligence.

In that case the plaintiff was the sole arbiter of his actions. He was under no obligation to do or not do any particular thing. He was not employed by anyone or subject to the direction of any person, particularly one who was familiar by reason of long experience with the hazards of the situation. He was at a swimming pool with children of his own age. It was also held in that case that there was in evidence no standards of care applicable to the operator of the swimming pool, which the jury could apply to the operator of the particular pool. Having determined that owing to the absence of such evidence the defendant was not negligent, it would seem the statement of the court as to contributory negligence was mere obiter.

See, **Bush v Transfer Co., 146 Oh St, 657.** The Englehardt case can thus be distinguished from the case at bar.

It. is urged by the defendant that there was no duty on the defendant to warn the plaintiff that he was going to strike the ball. Certainly, this is true, but it is equally true that the jury were justified in concluding that the defendant having longer experience was required to direct his caddy to remove himself from the possible line of flight of the ball. His failure to do so, in view of his statement that he knew Teddy would be hit is incomprehensible. Defendant cites the case of Benjamin v Nernberg, 102 Pa. Sup. Ct., 471, 157 At. 10 (1931), in which he quotes:

"Plaintiff was not in the line of defendant's play; he was not where anyone could reasonably believe that he was in danger of being struck by a ball * * *."

The exact opposite of that situation is here presented. There were just three alternatives presented when the defendant struck the ball, either it would go straight out the fairway, or go to the right, or left. There is nothing in the evidence to indicate that in the previous six holes the defendant had been so erratic as to warn the plaintiff of danger. On the other hand, the defendant in his past experience must have had such incidents occur as to cause him to fear that Teddy would be hit as he said.

The case of Stober v Embry, 243 Ky. 117, is cited in support of the position of the defendant that there is no duty on the part of a player to warn a caddy of danger who is aware that the player is about to drive a ball. In the first place, the plaintiff in that case had been a caddy for five years. The plaintiff in the instant case had only caddied about a year

and a half. In the Stober case, the caddy was sixteen years of age. The plaintiff here was twelve. In the Stober case the caddy was stationed **according to instructions** in a place. "supposed to be safe" some fifty yards from the tee in the rough off the fairway, which was from seventy-five to one hundred yards wide. One of the plaintiff's associate caddies ducked, but the plaintiff was hit. The disparity in the facts in the Stober and the instant cases is apparent. If no other difference is apparent the opportunity to "duck" is enough to distinguish the situation. Certainly, the plaintiff in the instant case had no opportunity to "duck."

Associated with the consideration of this matter is the claim of the defendant that the giving of a special charge was error. This charge is:

"If you find by a preponderance of the evidence that the defendant, as he prepared to drive his ball, saw plaintiff in a position of peril with reference to the intended line of flight of the ball, then the defendant owed to the plaintiff the duty of warning him of his position of peril and failure to warn him would constitute negligence."

Now this charge must be carefully read. It states if the defendant saw that the plaintiff was in a position of peril, then it was the duty of the defendant to warn plaintiff of his peril. It is to be remembered the defendant had testified he knew that Teddy would be hit. Only the driver of a golf ball has any real idea of just what he intends, **to try**, to do. He knows how he is gripping his club, what stance he is taking, what his swing will be, what the past effect of the club he chooses has been, what his experience in accomplishing his intentions has been, and the element of chance in the entire operation.

The plaintiff certainly did not possess all this knowledge. He saw the defendant standing ready to drive the ball and had the right to presume he was sufficiently efficient so that the ball would not take the acute line of flight it did. The defendant handling the club was aware of possibilities of which the plaintiff was bound to be wholly ignorant. Even more than that, the defendant not only was aware of possibilities, but he had stated on the stand he knew Teddy would be hit. Under such circumstances, his duty was imperative, and the charge was not erroneous.

If the jury found, as the evidence justified, that the defendant saw plaintiff in a position of peril, certainly, it was

warranted in concluding that the defendant's failure to warn the plaintiff of a danger clearly known to him was negligence, and the proximate cause of plaintiff's injuries.

This charge does not state a rule of "last clear chance". It is merely a charge upon negligence. No error appears in giving the charge, in view of the evidence in this case.

It is claimed the verdict was excessive. The evidence not only sustained the amount of the judgment but the amount of the verdict.

No error appears in the record or judgment, prejudicial to appellant, and such judgment may be affirmed.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur in syllabus, opinion and judgment.